# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUINTEZ TALLEY, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| C/O IONOTA, *et al.*, | : | NO. 18-11 |
| Defendants. | : | |

## MEMORANDUM

**STENGEL, C.J.**                                                      **FEBRUARY 26, 2018**

Plaintiff Quintez Talley, a state inmate currently incarcerated at SCI Graterford, has filed a Petition pursuant to Rule 27 of the Federal Rules of Civil Procedure. Rule 27 provides, in pertinent part, that "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides." Fed. R. Civ. P. 27(a). In his Petition, Mr. Talley alleges that on several occasions in August of 2017, officers at SCI Graterford used his meal trays as punishment to retaliate against him for flooding his cell. Mr. Talley indicates that he would like to file a civil suit regarding those officers' (and others') deliberate indifference and seeks leave to depose them regarding these events.

Mr. Talley neither submitted the filing fee nor filed a motion to proceed *in forma pauperis* with his Petition. By Memorandum and Order entered on January 12, 2018, the Court concluded that Mr. Talley's Petition was not subject to the Prison Litigation Reform Act and ordered him to, within thirty (30) days, either submit to the Clerk of Court the $47.00 filing fee (for a miscellaneous proceeding) or a motion to proceed *in forma pauperis*. The Court noted that, alternatively, Mr. Talley could submit a complaint pursuant to 42 U.S.C. § 1983 against the

named officers as well as either the filing fee for a civil action or a motion to proceed *in forma pauperis*.

On January 26, 2018, the Court received a Notice, in which Mr. Talley requested that this matter be stayed and placed into an early mediation/settlement program. By Order entered on February 1, 2018, the Court denied Mr. Talley's request and directed him to, within fourteen (14) days, either submit to the Clerk of Court the $47.00 filing fee or a motion to proceed *in forma pauperis*. The Court reiterated that, alternatively, Mr. Talley could submit a complaint pursuant to 42 U.S.C. § 1983 against the named officers as well as either the filing fee for a civil action or a motion to proceed *in forma pauperis*.

Mr. Talley has paid the $47.00 filing fee, indicating his desire to proceed on his Rule 27 Petition. In order to satisfy Rule 27, a petitioner must show:

**(A)** that the petitioner expects to be a party to an action cognizable in a United States Court but cannot presently bring it or cause it to be brought;

**(B)** the subject matter of the expected action and the petitioner's interest;

**(C)** the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

**(D)** the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

**(E)** the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1). "Rule 27 is not a substitute for discovery; rather, it is 'available in special circumstances to preserve testimony which could otherwise be lost.'" *In re Whitehead*, 476 F. App'x 281, 282 (3d Cir. 2012) (per curiam) (quoting *Ash v. Cort*, 512 F.2d 909, 912 (3d Cir. 1975)); *see also Shuker v. Smith & Nephew PLC*, No. 13-6158, 2015 WL 4770987, at *3 (E.D. Pa. Aug. 13, 2015) (stating that "[t]he Federal Rules of Civil Procedure do not authorize such pre-complaint discovery, except as needed to perpetuate testimony that might otherwise be lost"); *In re Chester Cty. Elec., Inc.*, 208 F.R.D. 545, 547 (E.D. Pa. 2002) (noting that "[t]he

Court of Appeals for the Third Circuit has decisively rejected the attempt to use Rule 27(a) as a mechanism to draft a complaint or conduct pre-trial discovery"). For example, the Third Circuit has determined that a Rule 27 petition should be granted where the proposed deponent's physical or mental condition is poor or subject to immediate deterioration. *See, e.g.*, *Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3d Cir. 1967) (concluding that district court abused its discretion in denying a Rule 27 petition where the proposed deponent was 71 years old, the filing of the anticipated lawsuit had to await the resolution of a pending criminal action, and the subject of the proposed deposition was a series of events that were already 11 years old).

Here, Mr. Talley has made no attempt to demonstrate that the testimony of his putative deponents is in danger of being lost. Instead, he seeks these depositions to discover information that would allow him to file a civil suit pursuant to 42 U.S.C. § 1983. This is the exact reason that the Third Circuit has rejected petitions under Rule 27. Mr. Talley simply has not shown that the perpetuation of the officers' testimony would "prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3). Accordingly, Mr. Talley's Rule 27 Petition will be denied. An appropriate Order follows, which shall be docketed separately.